

**FILED**
**Sep 29, 2022**
**09:25 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **DAVID HUTCHINS,** | ) | **Docket No: 2021-02-0572** |
| **Employee,** | ) | |
| **v.** | ) | |
| **CARDINAL GLASS INDUSTRIES,** | ) | |
| **INC.,** | ) | **State File No: 71396-2021** |
| **Employer,** | ) | |
| **and** | ) | |
| **SENTRY CASUALTY COMPANY,** | ) | |
| **Carrier.** | ) | **Judge Brian K. Addington** |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

The Court heard Cardinal's Motion for Summary Judgment on September 23, 2022. Cardinal contends summary judgment is warranted because Mr. Hutchins cannot show that he suffered an injury arising primarily out of and in the course and scope of his employment. The issue is whether Mr. Hutchins has presented evidence to establish an essential element of his claim. The undisputed proof is that he has not submitted a medical opinion stating his employment primarily caused his alleged knee injury. Therefore, Cardinal is entitled to summary judgment.

### History of Claim

Mr. Hutchins filed a Petition for Benefit Determination. After a mediator issued a Dispute Certification Notice, Mr. Hutchins requested a Scheduling Hearing. At that hearing, the Court set discovery and motion deadlines, and the Compensation Hearing date. When Mr. Hutchins did not disclose any experts per the Scheduling Order, Cardinal filed the current motion.

In support of its motion, Cardinal filed the following statement of undisputed facts:

1. The employee claims he injured his left knee injury on September 15, 2021.

2. The employee's deadline for disclosure of medical experts was July 29, 2022.

3. The employee has not provided a medical opinion from a physician that the alleged injury contributed more than fifty percent in causing the need for treatment.

4. As of July 30, the employee had not disclosed his experts.

Cardinal contends these facts entitle it to summary judgment because they show that no genuine issue of material fact exists regarding causation of his injury, an essential element of his claim.

Mr. Hutchins neither responded to Cardinal's motion nor did he file affidavits or depositions from any physician. Instead, on September 21, he filed a Motion to Continue the Summary Judgment hearing and included the medical records of Dr. Patrick Riggins.

### Law and Analysis

Under Tennessee Rules of Civil Procedure 56.04, summary judgment is appropriate, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

As the party requesting summary judgment, Cardinal must do one of two things: 1) submit affirmative evidence that negates an essential element of Mr. Hutchins's claim, or 2) demonstrate that Mr. Hutchins's evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2021); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 488 S.W.3d 235, 264 (Tenn. 2015). If Cardinal carries this burden, Mr. Hutchins must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Rye*, at 265.

Turning to the merits, the Court holds Cardinal showed that Mr. Hutchins's evidence is insufficient to prove medical causation, an essential element of his claim. Specifically, Mr. Hutchins did not respond to the motion by submitting any deposition testimony or an affidavit from an expert establishing causation. Further, the time for Mr. Hutchins to disclose any expert witness has passed.[1]

Therefore, the Court holds there is no genuine issue of material fact as to causation of Mr. Hutchins's injuries, and grants Cardinal's motion.

---

[1] Mr. Hutchins filed a Motion to Continue the hearing on September 21, two days before the hearing, Mr. Hutchins did not allow Cardinal five days to respond to the motion to continue as required by Tennessee Compilation Rules and Regulations 0800-02-21-.18(2)(b ) (February, 2022). Further, Mr. Hutchins did not properly request additional time as allowed by Tennessee Rules of Civil Procedure 56.07, because he did not file a supporting affidavit.

**IT IS THEREFORE ORDERED** as follows:

1. The Court grants Cardinal's Motion for Summary Judgment and dismisses Mr. Hutchins's claim with prejudice to its refiling.

2. Unless appealed, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to Cardinal under Tennessee Compilation Rules and Regulations 0800-02-21-.06, payable to the Clerk within five days of this order becoming final.

4. Cardinal shall file a SD-2 form with the Clerk within ten days of the date of judgment.

**ENTERED September 29, 2022.**

*Brian K. Addington*
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a correct copy of this Order was sent on September 29, 2022.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Donald Mason, Employee's Attorney | | | X | dfm@donmasonlaw.com katy@chartertn.net |
| Taylor Pruitt and Catheryne Grant, Employer's Attorneys | | | X | trp@feeneymurray.com catherynelgrant@feenymurray.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

3



Compensation Order Right to Appeal:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board. *See the Rules governing the Workers' Compensation Appeals Board on the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*